COMPAGNIE D'ENTERPRISES
CFE, S.A., Plaintiff,

v.

The REPUBLIC OF YEMEN,
Defendant.

No. Civ.A.00–1289(RMU).

United States District Court,
District of Columbia.

May 30, 2001.

Abby Cohen Smutny, White & Case, L.L.P., Washington, DC, for Plaintiff.

## MEMORANDUM OPINION

URBINA, District Judge.

### Granting the Plaintiff's Motion for Entry of Default Judgment

### I. INTRODUCTION

This is an action against the Republic of Yemen to confirm an arbitration award in accordance with the provisions of the United States Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, No. 4739 (1958), 9 U.S.C. § 201 ("the New York Convention"). In 1997, the plaintiff, Compagnie D'Enterprises CFE, S.A. ("CFE"), a Belgian corporation, received an arbitration award against the Republic of Yemen for more than 32 million U.S. dollars. The award arose out of Yemen's breach of certain contractual obligations to CFE during the construction of the Al–Mukalla Harbour on the southern coast of Yemen. On June 5, 2000, CFE brought this suit, alleging that Yemen had failed to make any payment on the award and seeking to confirm the award under the New York Convention.

This matter now comes before the court on the plaintiff's motion for entry of default judgment against the defendant pursuant to Federal Rule of Civil Procedure 55(b)(2) and Title 28 U.S.C. § 1608(e). For the reasons stated herein, the court will grant the plaintiff's motion for entry of default judgment and will confirm the foreign arbitration award in accordance with the New York Convention and the Foreign Sovereign Immunities Act.

## II. BACKGROUND[1]

### A. The Dispute

On December 16, 1981, the government of the People's Democratic Republic of Yemen ("PDRY"), represented by the Yemen Ports Authority ("YPA"), and the plaintiff, CFE, entered into a contract for construction and maintenance of the Al–Mukalla Harbour in the PDRY. While completing the construction, CFE submitted certain claims under the contract for additional payment, which YPA rejected. CFE completed construction on January 28, 1985. During the contractual one-year maintenance period that followed completion of the construction, civil unrest broke out in the PDRY, forcing CFE to evacuate its foreign workers. With the restoration of civil order, however, CFE returned its personnel to the site and completed its contractual obligations. In May 1986, CFE obtained a final completion certificate, as contemplated by the contract. CFE submitted a claim for reimbursement of costs and expenses arising from the civil disorder pursuant to a "special risks" provision in the contract. That claim was also rejected by the YPA.

After completing its contract, the parties agreed that CFE should remain on the site while they discussed the possibility of CFE participating in another project. At some point during this period, CFE was ordered to demobilize and clear the construction site. Before CFE was able to do so, however, local government authorities froze CFE's assets on the site, claiming that CFE owed taxes and fees. CFE's assets remained frozen until November 9, 1988, at which time the PDRY authorities accepted CFE's position and permitted CFE to demobilize and clear the site. CFE claimed compensation for the costs arising from the seizing of its assets, a claim which was also rejected.[2]

On May 17, 1991, CFE submitted a final accounting, as provided for in the contract, which included CFE's previously rejected claims. CFE's final accounting was not paid, and CFE thus commenced the International Chamber of Commerce ("ICC") arbitration that resulted in the award that is the subject of this case.

### B. The Arbitration

In accordance with the applicable ICC arbitration rules, the parties agreed to the appointment of Dr. Nael G. Bunni as the sole arbitrator of the dispute. The International Court of Arbitration of the ICC confirmed Dr. Bunni's appointment and fixed Nicosia, Cyprus as the place of arbitration. On November 19, 1993, CFE and the Republic of Yemen signed the Terms of Reference that recorded their agreement to submit CFE's claims to arbitration. The award itself was rendered in Nicosia on September 26, 1997, in the amount of more than 32 million dollars.

In a letter to the ICC dated October 29, 1997, the Republic of Yemen's Minister of Legal and Parliamentary Affairs acknowledged receipt of the award. On January 13, 1998, the Republic of Yemen began a proceeding to annul the award before the District Court of Nicosia. In a decision dated December 30, 1999, the District Court rejected Yemen's application to an-

---

1. Because the Republic of Yemen has not entered an appearance or filed an answer in this case, the court must rely entirely on the plaintiff's complaint for background information. Accordingly, all factual information is derived from the complaint, except where otherwise indicated.

2. During this time, the two formerly separate states of the Yemen Arab Republic (North Yemen) and the PDRY (South Yemen) merged into a single sovereign state called the Republic of Yemen, effective May 22, 1990.

nul the award. On January 14, 2000, Yemen filed a notice of appeal from the District Court decision. Although Yemen has appealed, the award remains final, binding, and enforceable against Yemen under the laws of Cyprus, *i.e.*, the jurisdiction in which the award was rendered.

In a separate action, CFE initiated proceedings in France and, on May 4, 1999, obtained an order of exequatur from the Tribunal de Grande Instance of Paris, which constitutes a final decision recognizing the arbitral award that is the subject of this action. Under French law, this decision is binding and enforceable against the Republic of Yemen.

### C. Default History

CFE filed the complaint in this action on June 5, 2000. In accordance with Article IV of the New York Convention, 9 U.S.C. § 201, CFE attached certified copies of the parties' arbitration agreement and the underlying arbitral award to the complaint. Pursuant to 28 U.S.C. § 1608(a)(1), the plaintiff served the Republic of Yemen with a copy of the summons and complaint on June 5, 2000 by a courier, DHL World Wide Express. Yemen received and accepted service of the summons and complaint on June 12, 2000. Thus, pursuant to 28 U.S.C. § 1608(c)(2) and (d), Yemen had until August 11, 2000 to file an answer or otherwise respond to the complaint.

By December 4, 2000, Yemen had not responded to the complaint. Accordingly, the court ordered the plaintiff to show cause why the case should not be dismissed for failure to prosecute. CFE promptly moved for entry of default, which the court clerk entered on December 14, 2000. On December 19, 2000, the court ordered the defendant to show cause on or before February 2, 2001 why the court should not enter default judgment in favor of CFE. CFE served Yemen with copies of the court's show-cause order by DHL World Wide Express on December 20, 2000, and Yemen accepted delivery on December 30, 2000, January 2, 2001, and January 6, 2001. *See* Mot. for Entry of Default Judgment, Ex. B (airbill and tracking receipts). To date, Yemen still has not responded to the Court's show-cause order. On February 7, 2001, CFE moved for entry of default judgment against the Republic of Yemen, which the court will now enter by means of the accompanying Order.

### III. DISCUSSION

The New York Convention authorizes the recipient of a foreign arbitral award to seek confirmation of the award in federal court. *See* 9 U.S.C. § 207. The reviewing court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in said Convention." *Id.* None of the enumerated grounds exists in this case, nor has Yemen pleaded any of these grounds.

Under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(e), no federal district court shall enter default judgment against a foreign state unless the claimant establishes its right to relief by evidence satisfactory to the court. *See Ipitrade Int'l, S.A. v. Federal Republic of Nigeria*, 465 F.Supp. 824, 827 (D.D.C. 1978). CFE has established its claim by satisfactory evidence because: (1) it filed certified copies of the parties' arbitration agreement and the underlying arbitral award, which is final, conclusive, and binding under the laws of Cyprus, the jurisdiction in which the award was rendered; and (2) it followed the procedures for recognition and confirmation of the award set forth in the New York Convention and the FSIA. *See id.* ("Petitioner is entitled to ... relief because the provisions of the

[New York Convention] and the [FSIA] are satisfied").

Accordingly, it is this 30th day of May 2001,

**ORDERED** that the plaintiff's motion for entry of default judgment be **GRANTED;** and it is

**FURTHER ORDERED** that the Application to Confirm Foreign Arbitration Award be **GRANTED** and that the award to Compagnie D'Enterprises CFE, S.A., rendered in Nicosia, Cyprus on September 26, 1997 be confirmed under 9 U.S.C. §§ 201–208; and it is

**ORDERED** that judgment is hereby entered against the Republic of Yemen and in favor of CFE in the amount of: (a) BEF 1,097,932,940, plus interest amounting to BEF 98,054.73 per day running from August 1, 1997 until payment is made to CFE; (b) FRF 10,867,057.07; (c) USD 133,207.50; (d) GBP 147,293.29; and (e) USD 168,000.00.

**SO ORDERED.**